UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, MATT ANDREWS, STEVE MACDONALD, GARY ELLIOTT, RICH MCLAUGHLIN, DONALD WILLEY, TERRY BRIGGS, DAVID A. GILLICK, BRAD GRANT, MICHAEL LUTZ, COREY BLACK and ROBERT BIEG, JR., Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and JEFFREY O'CONNELL, RICHARD McLAUGHLIN, RONNY GRIFFIN, BRANDON FLINN, DONALD WILLEY, GARY ELLIOTT, LOU GRASSE, JOSEPH LERITZ, DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. LUTH and DAVID A. GILLICK, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and AGC-EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and PATRICK R. PRYOR, DONALD WILLEY, PERRI PRYOR, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, PHIL HOCHER, MICHAEL LUTH, JOE SCARFINO, CLIFF LAND, FRANK MARCHESI and JOHN SMITH, JR., Trustees of the AGC-Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-110, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, )<br><br>                    Plaintiffs,<br><br>v.<br><br>GLEESON ASPHALT, INC., an Illinois corporation,<br>                    Defendant. | Case No.: |

1

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.      Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.   Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.      Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.      Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

5.      Defendant Gleeson Asphalt, Inc. ("defendant") is an Illinois corporation in good standing and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7) having an office and place of business within this judicial district.

6.      This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and

3

Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the union is suing for violation of a contract with defendant.

7.      At all times material, defendant was bound by the provisions of collective bargaining agreements requiring monthly payments to the Welfare, Pension and Training funds in specified amounts and the submission of monthly report forms.   Said collective bargaining agreements and the plans adopted by the trustees of the Welfare, Pension and Training Funds also provide that the trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

8.      Defendant is required to pay liquidated damages of twenty percent (20%) as well as interest on delinquent contributions.

9.      Defendant has failed to submit its reports and to pay its contributions for the month of March 2019. It has also underpaid $179.54 in contributions for the months of June, July, September and October 2015, January and February 2019 and October 2018.

10.      Defendant submitted untimely its contributions for various months between January 2018 and March 2019 and owes $3,700.69 in liquidated damages and $77.14 in interest through May 13, 2019 on these untimely payments.

11.      In addition, a financial examination was conducted on the records of defendant for the period of January 1, 2014 through December 31, 2016.   The report of that examination reveals that defendant owes an additional $1,980.55 in supplemental dues, $396.11 in liquidated

damages, and $223.75 in interest through April 30, 2018 on the underpaid contributions.  The fee for performing the audit was $976.00.

12.     Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**WHEREFORE**, plaintiffs pray the Court as follows:

(a)     For a judgment against defendant based upon the findings of the financial examination in the total amount of $3,576.42;

(b)     For a judgment in the additional amount of $3,957.37 in contributions, liquidated damages and interest for the period of January 2015 through February 2019;

(c)     For an order requiring defendant to submit its reports for the month of March 2019, along with required contributions, liquidated damages, and interest;

(d)     For an order requiring defendant to make payments in the future to the Welfare, Pension, and Training Funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

(e)     For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g) and;

(f)     For such other and further relief as this Court deems appropriate under the circumstances.

(g)     For such other and further relief as this Court deems appropriate under the circumstances.

## COUNT II

13.     The plaintiffs restate and incorporate by reference all of the allegations contained in paragraphs 1 through 12, above.

14.     At all times material, defendant was bound by the provisions of the collective bargaining agreement requiring it to obtain and maintain a surety bond in favor of the plaintiff Funds.

15.     The defendant has failed to establish and maintain a surety bond as required by the collective bargaining agreement.

16.     The defendant has failed to furnish evidence of such a bond to the plaintiffs.

17.     The surety bond is a material aspect of the collective bargaining agreement.

18.     Absent such a bond, plaintiffs and the individual Union members they represent stand to suffer irreparable harm.

19.     Plaintiffs will have no adequate remedy at law if the required bond is not obtained and maintained by the defendant.

WHEREFORE, plaintiffs pray:

(a)     That this Court enter an injunction prohibiting defendant from performing work of a type covered by defendant's collective bargaining agreement with Laborers Locals 42-110 within the geographical area covered by that collective bargaining agreement until such time as defendant obtains the required surety bond or letter of credit;

(b)     That this Court award such other and further relief as the Court may deem appropriate.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, MO  63131
Phone: (314) 727-1015
Fax:     (314) 727-6804


/s/ Janine M. Martin
JANINE M. MARTIN, MO BAR #55240
Attorneys for Plaintiffs

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2019, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

/s/ Janine M. Martin

8